NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSHUA ACEVEDO, a minor by YLUMINADA MOJICA and JULIO ACEVEDO, as the biological parents of JOSHUA ACEVEDO, | : : : : : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : : : | **OPINION** |
| v. | : : | Civ. No. 10-4046 (DMC) (JAD) |
| FEDERAL EXPRESS CORPORATION, | : : | |
| Defendant. | : : : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Plaintiffs Joshua Acevedo, Yluminada Mojica and

Julio Acevedo's ("Plaintiffs") Motion to Remand this Proceeding to the Superior Court of New

Jersey, Law Division, Bergen County.  No oral argument was heard pursuant to Federal Rule of Civil

Procedure 78.  For the reasons stated below Plaintiffs' motion is **denied**.

## I. BACKGROUND[1]

On July 25, 2007, Joshua Acevedo's ("Joshua") attorney sent a package via Defendant

Federal Express Corporation ("Federal Express") for priority overnight delivery to the Clerk of the

United States Court of Federal Claims.  Compl. ¶¶ 2, 5.  Though the package was to arrive the

following day, it was lost by Defendant in transit and never recovered.  Compl. ¶¶ 5, 6.  The package

---

[1] The facts in the Background section have been taken from the parties' submissions.

contained a Petition for Compensation to the National Vaccine Compensation Program on behalf

of Joshua, who suffered injuries following the administration of his routine childhood vaccines at

the age of two months.  Compl. ¶ 2.  The statute of limitations was to run on Joshua's vaccine-related

claim on June 28, 2007.  Compl. ¶ 3.  Plaintiffs were not notified about the loss of the package until

June 29, 2007, four days after the package was mailed and one day after the statute of limitations on

the vaccine claim had expired.  Compl. 6.  As a result of the loss of the package, and the delay in

informing Plaintiffs about the loss such that a new Petition could not be timely filed, the statute of

limitations on Joshua's claim expired and his Petition was dismissed by the Court of Federal Claims.

Compl. ¶ 8.  The Federal Circuit affirmed the dismissal, finding that the vaccine program did not

provide for tolling of the statute of limitations for any reason.  Id.

Plaintiffs filed the present action in the Superior Court of New Jersey, Law Division, Bergen

County on June 4, 2010, alleging claims of fraudulent misrepresentation, detrimental reliance, breach

of guaranty and warranty, false representation, wilful, wanton and reckless conduct and consumer

fraud.  Pls.' Br. 2-3.  Defendant subsequently removed the action to this Court on August 6, 2010

on the basis of federal question jurisdiction under 28 U.S.C. § 1331.  Notice of Removal ¶ 4.

Defendant asserts that subject matter jurisdiction is appropriate because "the claims asserted by

plaintiffs . . . are governed by principles of federal common law applicable to shipments made in

interstate commerce by a federally certified air carrier . . . ."  Id. at ¶ 5.


## II.  DISCUSSION

A claim that arises under federal common law is a permissible basis for federal question

jurisdiction under 28 U.S.C. § 1331 so long as the claim "demonstrates on the face of the complaint

a sufficiently proximate federal interest." Treiber & Straub, Inc. v. United Parcel Serv., Inc., 474 F.3d

379, 383 (7th Cir. 2007) (citation and internal quotation marks omitted); Sam L. Majors Jewelers v.

ABX, Inc., 117 F.3d 922, 926-27 (5th Cir. 1997) ("The Supreme Court has made it clear that

notwithstanding Erie, federal common law causes of action continue to exist when a federal rule of

decision is 'necessary to protect uniquely federal interests.'" (quoting Banco Nacional de Cuba v.

Sabbatino, 376 U.S. 398, 426 (1964))). Several circuits have noted that the federal interest for

shipments by air carrier is the same "as the one that underlies the Carmack Amendment for ground

carriers: a need for uniformity in interstate shipping and commerce." Treiber & Straub, 474 F.3d at

383-84; Sam L. Majors Jewelers, 117 F.3d at 929. Moreover, "[t]he Third Circuit has explicitly held

that an action arising from an air carrier's loss of goods is governed by federal common law and not

state law." Bonafield v. United Parcel Serv., Inc., No. 02-4454 (JAP), 2002 U.S. Dist. LEXIS 24058,

at *4 (Nov. 19, 2002).

Plaintiffs attempt to distinguish the well-established case law supporting federal jurisdiction

by arguing that those cases involve situations where valuable goods, such as jewelry, were lost in

transit while here documents without any intrinsic value were lost. However, Plaintiffs have not

offered any sound reasoning or case law to support their contention. A federal cause of action exists

for loss by air carriers in order to promote uniformity in shipping and commerce. The Court finds no

reason to carve out any exception to the rule, particularly where it would serve to undercut this federal

interest. Accordingly, the Court finds that removal of this action was proper on the basis of federal

question jurisdiction.

### III.  CONCLUSION

For the reasons stated, Plaintiffs' motion is **denied**.


                                                     S/ Dennis M. Cavanaugh
                                                     Dennis M. Cavanaugh, U.S.D.J.

Date:            April   18  , 2011
Orig.:           Clerk
cc:              All Counsel of Record
                 Hon. Joseph A. Dickson, U.S.M.J.
                 File